IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CLAY JONAK, an Oregon resident,<br>ROGER ISON, an Oregon resident,<br><br>    Defendants,<br><br>THE STATE OF OREGON, acting by and through its Department of Lands,<br><br>    Applicant for<br>    Intervention. | 3:17-cv-00330-AC<br><br>ORDER |

BROWN, Judge.

    Magistrate Judge John V. Acosta issued Findings and Recommendation (#30) on August 28, 2017, in which he recommends the Court grant the State of Oregon's Motion (#14) to Intervene. The Magistrate Judge found the State is a necessary party and is entitled to intervene as a matter of right. The Magistrate Judge, however, also found the State waived its Eleventh

1 -- ORDER

Amendment sovereign immunity.

The parties did not file objections as to the Findings and Recommendation that this Court grant the State's request to intervene. The State, however, filed timely Objections to the Findings and Recommendation that this Court find the State waived its sovereign immunity. That issue is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Because the parties did not file objections to the Magistrate Judge's Findings and Recommendation as to the State's request to intervene, this Court is relieved of its obligation to review the record *de novo* regarding this issue. *See Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). Having reviewed the legal principles *de novo*, the Court does not find any error in the Findings and Recommendation as to the State's request to intervene.

As noted, however, the State filed an Objection to the Findings and Recommendation that this Court find the State waived its sovereign immunity. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United*

States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). Accordingly, the only issue before this Court is whether the State waived its sovereign immunity.

**BACKGROUND**

I. **Factual Background**

Beginning on April 6, 2012, Defendants leased property on the Columbia River from the State of Oregon. The Lease required Defendants to obtain and to maintain pollution liability insurance for bodily injury, property damage, and environmental damage on the leased property.

On January 5, 2016, Defendants obtained an environmental policy from Plaintiff covering the leased premises with effective dates from January 5, 2016, to January 5, 2017. Plaintiff alleges Defendants made misrepresentations to Plaintiff in their application for insurance that there were not any prior or pending claims related to the property. The property, however, had actually been subject to multiple complaints and/or claims by various agencies regarding pollution on the leased property since July 1, 2015.

On November 1, 2016, the State sent a Notice of Claim to Defendants seeking reimbursement for property damage and clean-up costs on the property.

On November 14, 2016, the State sent a notice to Defendants

terminating the lease.

On December 15, 2016, Plaintiff received a copy of the Notice of Claim.

On January 19, 2017, Plaintiff sent a letter to Defendants regarding coverage issues for the claim made by the State.

On March 20, 2017, the State and Defendants entered into a Settlement Agreement regarding the lease. A Final Order terminated the lease as of May 1, 2017, and directed Defendants to vacate by June 1, 2017.

## II. Procedural Background

On February 28, 2017, Plaintiff filed a Complaint in this Court to have the insurance policy declared void based on the alleged misrepresentations by Defendants in their application.

On May 5, 2017, Plaintiff filed a Motion for Default based on Defendants' failure to appear after being personally served with Summons and Complaint.

On May 15, 2017, an Order of Default was entered against Defendants.

On May 17, 2017, Plaintiff filed an Unopposed Motion for Default Judgment Regarding Declaratory Judgment and Equitable Relief. Plaintiff sought entry of judgment against Defendants declaring the policy void.

The Court advised Plaintiff's counsel by email that although the facts asserted in Plaintiff's Motion are sufficient to

support entry of judgment, Plaintiff needed to supplement its Motion with a declaration by someone with personal knowledge of the facts alleged.

On June 16, 2017, while Plaintiff's Motion for Default Judgment was pending, the State filed a Motion to Intervene. The Court held Plaintiff's Motion for Default Judgment in abeyance pending the Magistrate Judge's resolution of the State's Motion to Intervene.

On July 26, 2017, the Magistrate Judge heard oral argument on the State's Motion to Intervene. At the conclusion of the hearing the Magistrate Judge allowed the parties to submit supplemental briefs as to whether the State was a necessary and proper party.

On August 10, 2017, Plaintiff and the State submitted simultaneous supplemental briefs. After voluntarily seeking to be a party in this matter, the State raised the issue of sovereign immunity in its supplemental brief for the first time and asserted even though it is a necessary party in this case because it has "a clear interest" to be protected, it cannot be properly joined in this particular action because it has sovereign immunity. The State, therefore, contends this Court should dismiss this action on the grounds that "the Eleventh Amendment prevents the joinder of the State and because a proceeding in Oregon state court could provide complete relief."

**STANDARD**

The Eleventh Amendment of the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." The Supreme Court "has drawn upon principles of sovereign immunity to construe the [Eleventh] Amendment to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)(quotations omitted).

"The Eleventh Amendment bar to suit is not absolute. States may consent to suit in federal court and, in certain cases, Congress may abrogate the States' sovereign immunity." *Id.* (quotations omitted). A state may also choose to waive its immunity, thus consenting to being a party to a lawsuit, "if the state makes a clear declaration that it intends to submit itself to federal jurisdiction." *Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001).

The Supreme Court summarized the issue of waiver of immunity in *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board* as follows:

6 - ORDER

> We have long recognized that a State's sovereign
> immunity is a personal privilege which it may waive at
> its pleasure. The decision to waive that immunity,
> however, is altogether voluntary on the part of the
> sovereignty. Accordingly, our test for determining
> whether a State has waived its immunity from
> federal-court jurisdiction is a stringent one.
> Generally, we will find a waiver either if the State
> voluntarily invokes our jurisdiction or else if the
> State makes a clear declaration that it intends to
> submit itself to our jurisdiction. Thus, a State does
> not consent to suit in federal court merely by
> consenting to suit in the courts of its own creation.
> Nor does it consent to suit in federal court merely by
> stating its intention to sue and be sued or even by
> authorizing suits against it in any court of competent
> jurisdiction.

527 U.S. 627, 675-76 (1999)(quotations omitted). *See also Demshki,* 255 F.3d at 989 ("A state does not waive Eleventh Amendment immunity merely by defending in federal court. Instead, waiver turns on the state's failure to raise immunity during the litigation."); *Hill v. Blind Indus. and Svcs. of Maryland,* 179 F.3d 754, 758 (9th Cir. 1999)("[A] state may waive its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity.").

## DISCUSSION

The State contends it has not waived its Eleventh Amendment immunity. Although the State concedes it did not raise the issue of immunity in its Motion to Intervene or at the time of oral

argument on that Motion,[1] it contends the filing of its Motion to Intervene does not invoke federal jurisdiction especially since the State has not asserted any affirmative claims sufficient to do so.

Plaintiff, however, notes the State specifically asserted in its Motion that its "rights and interests may be impaired if it is not allowed to pursue its claim in the present case, as any ruling in this case could prevent the State of Oregon seeking insurance coverage to which it is entitled." The Court notes the State also asserted in its Reply in support of its Motion to Intervene: "The Court should allow the State of Oregon to intervene in this case because the State of Oregon has a clear interest in the outcome of this litigation" and "[t]he State of Oregon seeks to intervene in this lawsuit in order to protect its interests in the state owned submerged and submersible land and to assert claims for coverage under the insurance policy."

Moreover, at the time of oral argument the State again contended it should be allowed to intervene "because the State of Oregon has a clear interest in the outcome of the case" and it sought to intervene "in order to protect its interests in State owned submerged and submersible land to assert claims for coverage under the insurance policy." The State further asserted

---

[1] As noted, the State raised the issue of sovereign immunity for the first time in its supplemental brief filed after oral argument on its Motion to Intervene.

it was a necessary party, and "[a] judgment can't enter without a necessary party." The State also argued extensively regarding the merits of its claim against Plaintiff and why the insurance policy should not be voided.

Moreover, Plaintiff points out that it did not bring the State into this case and that the State voluntarily sought to intervene. Plaintiff contends the State had ample opportunity to raise all issues related to sovereign immunity and failed to do so until after the hearing on its Motion to Intervene. Plaintiff, therefore, asserts the State waived sovereign immunity "by conduct that is incompatible with an intent to preserve that immunity."

The Court in *Lapides v. Board of Regents of University System of Georgia* held when "a State voluntarily becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment." 535 U.S. 613, 620 (2002).

Here the record does not reflect the State expressly or impliedly preserved its sovereign immunity in its Motion or at oral argument on its Motion. To the contrary, the Court notes the State demonstrated its clear intent to invoke federal jurisdiction and to participate in the federal court case on the merits in order to protect its asserted claims and interests.

9 - ORDER

On this record the Court concludes the State voluntarily invoked the judicial powers of this Court when it filed its Motion to Intervene without reservation, and, therefore, the State waived its sovereign immunity.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge John V. Acosta's Findings and Recommendation (#30). Accordingly, the Court **GRANTS** Defendant's Motion (#14) to Intervene; concludes the State has waived its sovereign immunity; and, pursuant to Federal Rule of Civil Procedure 54(b), **DENIES as premature** Plaintiff's pending Motion (#12) for Default Judgment as to Defendants Jonak and Ison until any claims asserted by the State of Oregon are also resolved.

The Court returns this matter to the Magistrate Judge for further handling.

IT IS SO ORDERED.

DATED this 17th day of October, 2017.

_____
ANNA J. BROWN
United States Senior District Judge